## Rodríguez *v.* Rodríguez et al.

Apelación procedente de la Corte de Distrito de Ponce.

No. 700.—Resuelto en junio 8, 1911.

Acumulación de Acciones—Acciones de Filiación, Daños y Perjuicios y Reivindicación.—No puede entablarse en una misma demanda una acción de filiación contra ciertos herederos, y una acción de daños y perjuicios y reivindicación contra un tercero extraño a dicha sucesión, para reivindicar ciertos bienes que la fueron vendidos por los citados herederos, pues dichas acciones no son acumulables.

Acumulación de Partes Demandadas—Acciones de Filiación, Daños y Perjuicios y Reivindicación.—De acuerdo con la anterior doctrina, en una demanda de reivindicación contra ciertos herederos, no puede ser incluído como demandado un tercero de quien se quieren reivindicar ciertos bienes vendidos a él por los herederos.

Id.—Comunidad de Intereses Entre las Partes.—La norma para determinar si pueden acumularse como demandantes y demandados ciertas partes, es examinar si las partes acumuladas están unidas por un interés común en el punto esencial que se debate en el pleito, o si tienen una base común para litigar, y en tales casos pueden acumularse partes diferentes aun cuando la súplica contra cada una sea distinta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Poventud.*

Abogado de los apelados: *Sr. Luis Llorens Torres.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

La sentencia contra la cual se ha interpuesto este recurso de apelación, es una declarando con lugar una excepción previa a la demanda e imponiendo las costas al demandante. El recurso de apelación se funda en cuatro motivos, según se exponen en los diferentes errores alegados. Pero dichos motivos son sencillamente ampliaciones de la sola proposición de que el tribunal inferior cometió error al dictar sentencia, contraria a la ley, por no resolver que las acciones de filiación y petición de herencia pueden acumularse, y que el demandado Mora era parte propia como comprador de las fincas pertenecientes a la sucesión.

El apelado afirma que diferentes acciones han sido indebidamente acumuladas, a saber, las de·filiación, daños y reivindicación.

El apelante cita en su apoyo el caso resuelto por este tribunal el 11 de febrero pasado, en el que el apelante era Lucero, y Vilá el demandado, y en la que dijimos:

"Respecto al tercer motivo del recurso sobre indebida acumulación de acciones, conviene hacer constar que las acciones ejercitadas son tres, a saber: de filiación, de reconocimiento de derechos consiguientes a dicha filiación, y de nulidad de testamento que lastima esos derechos en la parte que tienen de sucesorios.

"Ahora bien, la segunda acción se deriva de la primera, y la tercera de la segunda, siendo evidente que hay una relación estrecha entre todas ellas, por lo que no vemos dificultad en su acumulación."

Hay una gran diferencia entre ese caso y el que nos ocupa. En aquel caso las partes del mismo eran, de un lado los hijos naturales, y del otro los herederos legítimos, y se pretendía la anulación del testamento del difunto; derivándose todas esas cuestiones del mismo origen y unas de otras en orden lógico.

En el caso que nos ocupa se trae como parte demandada a un extraño a la familia del difunto, y lo que se trata de anular es una venta que se hizo de ciertas propiedades. O, según el apelado presenta la cuestión, que las acciones que se trata de acumular son las de filiación, daños y reivindicación. Estas acciones no pueden acumularse en un mismo procedimiento. (Véase el art. 104 de nuestro Código de Enjuiciamiento Civil, el cual es idéntico al art. 3205 del Código de Idaho y al art. 672 del de Montana, y al art. 427 del Código de California.) Bajo cada uno de estos artículos de los Códigos idénticos citados, hay notas de casos numerosos que pueden citarse como autoridades en apoyo de esta proposición.

Tampoco es autoridad en este caso el de *Puente* v. *Puente,* resuelto por este tribunal el 17 de junio, 1910. La mención que en el dictamen emitido en dicho caso se hace de causaha-

bientes fué una mera inadvertencia, y debió haberse borrado la palabra antes de firmarse.

Mora no era parte necesaria en la acción de filiación, o para hacer la declaratoria de herederos del difunto. Estas cuestiones no tenían necesariamente conexión con la propiedad de las fincas en poder de Mora y no estaba él directamente interesado en ellas.

Según nuestro código de enjuiciamiento pueden acumularse acciones, pero solamente de acuerdo con sus disposiciones que establecen, que todas las cuestiones acumuladas deberán corresponder a una de las siete clases enumeradas en la ley y que deberán afectar a todas las partes en el pleito. En apoyo de esta doctrina puede citarse a Sutherland on Pleadings, Practice and Forms, pp. 127, 130 y 136. Ese principio está bien expuesto en el dictamen emitido en el caso de *Bayley* v. *Dale,* 71 Cal., 34, en el sentido "de si partes acumuladas en el pleito tienen o nó un interés común convergente en un punto en litigio en la causa, o un punto común de litigio." Si es así, se ha declarado que partes no relacionadas pueden acumularse, aún en casos en que las reclamaciones contra ellas sean distintas; no siendo así, no puede hacerse semejante acumulación.

Aplicando este principio al caso presente, Mora no era parte propia en el litigio y no podían acumularse las causas de acción. Por consiguiente debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.