NITRATE AGENCIES Co., demandante y apelante, *v.* JUAN G. GALLARDO, substituído por MANUEL V. DOMENECH, como TESORERO DE PUERTO RICO, demandado y apelado.

No. 5236.—*Sometido:* Mayo 13, 1932. *Resuelto:* Febrero 8, 1933.

*O. B. Frazer* y *R. Castro Fernández*, abogados de la apelante; *Hon. Attorney General Charles E. Winter* (*James R. Beverley* en el alegato) y *Felipe Janer, Subprocurador*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante es una corporación organizada bajo las leyes del Estado de West Virginia. Al presentar su planilla de ingresos al Tesorero trató de hacer una deducción de $4,000 del total de su ingreso bruto, fundada en la teoría de que estaba exenta de pagar contribuciones por tales $4,000 con motivo de las disposiciones de la sección 34 de la ley de contribuciones sobre ingresos de 1925 (Leyes de ese año, pág. 483). El ingreso de la demandante excedió de $70,000. El Tesorero se negó a hacer la rebaja. La teoría de la contestación fué que la referida sección se aplicaba sólo a corporaciones domésticas y que la corporación demandante no tenía derecho a la referida deducción. La sección 34 dispone en parte como sigue:

"Para los fines de la contribución impuesta por la sección 28 solamente se concederán los siguientes créditos:

"* * * * * * *

"(b) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de veinte y cinco mil dólares, un crédito específico de $5,000 y en los demás casos, un crédito específico de $4,000."

Esa sección va precedida de un título que dice: "Créditos Concedidos a Corporaciones o Sociedades." La sección 34

es la única que aparece bajo ese título. La 28, a que se hace referencia en la 34, lee así:

"Se impondrá, cobrará, y pagará por cada año contributivo sobre el ingreso neto de toda corporación o sociedad una contribución de doce y medio por ciento del montante del ingreso neto que exceda de los créditos provistos en la sección 34."

El artículo 28 está precedido por el título "Contribución a las Corporaciones y Sociedades." No se incluye ninguna otra sección bajo ese título. En otras palabras, la contribución se impone a toda corporación, doméstica o extranjera, que haga negocios en Puerto Rico. Así, pues, fué claramente la intención de la legislatura que todas las corporaciones pagaran el 12½ por ciento del importe de sus ingresos netos en exceso del crédito provisto en la sección 34.

De igual modo la sección 37 de la misma ley, que provee acerca de las planillas para las corporaciones o sociedades, se refiere al crédito concedido en el inciso (b) de la sección 34, y una vez más demuestra que la legislatura tuvo en mente deducciones para todas las corporaciones.

Específicamente el inciso (b) de la sección 34 provee que una corporación doméstica cuyos ingresos no excedan de $25,000 tendrá un crédito de $5,000, y al final aparecen las siguientes palabras: "y en los demás casos, un crédito específico de $4,000."

Es muy posible que al leerse por primera vez la sintaxis gramatical parecería referirse a corporaciones domésticas solamente, excluyendo así cualquier corporación extranjera. Empero la intención de la legislatura debe deducirse tomando las dos secciones conjuntamente y no hay que apurar demasiado el lenguaje para decir que "en los demás casos" se refiere a todas las otras corporaciones que se hallan necesariamente incluídas en la sección 28 de la ley. Llegamos a esta conclusión porque un privilegio de esta naturaleza extendido exclusivamente a corporaciones domésticas haría que la ley fuera inconstitucional. *Southern Railway Co.* v. *Greene*, 216 U. S. 400; *Travis* v. *Yale & Towne Mfg. Co.*, 252

U. S. 60; *Kentucky Co.* v. *Paramount Exch.*, 262 U. S. 544; *Hanover Ins. Co.* v. *Harding,* 272 U. S. 494; *Power Co.* v. *Saunders,* 274 U. S. 490; *Quaker City Cab Co.* v. *Comm. of Penna.,* 277 U. S. 389.

■ Debe realizarse todo esfuerzo para sostener la constitucionalidad de la ley. *Ponce Lighter Company* v. *El Municipio de Ponce,* 19 D.P.R. 760; *El Pueblo* v. *Neagle,* 21 D. P.R. 356, y casos allí citados.

En la ley de contribuciones sobre ingresos, aprobada en 1919 por el Senado y la Cámara de Representantes de los Estados Unidos, titulada ''Ley para proveer rentas y para otros fines,'' las corporaciones domésticas y extranjeras se definen del siguiente modo:

''El término 'doméstica' cuando se aplique a una corporación o sociedad significará las creadas u organizadas en los Estados Unidos;

''El término 'extranjera' cuando se aplique a una corporación o sociedad significará las creadas u organizadas fuera de los Estados Unidos;

''La frase 'Estados Unidos' al ser usada en su sentido geográfico, incluye solamente los estados, los territorios de Alaska y Hawaii y el Distrito de Columbia.'' 40 U. S. Stat. at large, pág. 1058.

Bajo la sección 2 de la ley local que hemos estado considerando (No. 74 de 1925, pág. 401), hallamos lo siguiente:

'' *       *       *       *       *       *       *

''(4) El término 'doméstica' cuando se aplique a corporaciones o sociedades significará las creadas u organizadas en Puerto Rico de acuerdo con las leyes de Puerto Rico.''

Por tanto, es evidente que la intepretación dada por la sección 34 que aquí se discute excluiría la demandante en este caso. Es posible que la persona que redactó la ley local estuviera siguiendo la ley federal de contribuciones sobre ingresos y que se refiriera a corporaciones domésticas al igual que lo hizo la ley federal, pero la legislatura local, según se demuestra, definió claramente las corporaciones domésticas en forma distinta. Sin embargo, resolvemos que se demuestra la intención de fijar contribuciones a todas las corpora-

ciones más o menos en forma similar, y de no excluir ninguna de ellas de los beneficios de alguna deducción.

Si se sostiene que este razonamiento no sería aplicable a una corporación cuyo ingreso fuere menos de $25,000, podríamos decir que ese caso no se halla claramente ante nos. La corporación en este litigio tuvo claramente ingresos de más de $25,000. Por consiguiente, podría ser que en cualquiera otra época tuviéramos que decir que el crédito específico de $5,000 concedido a una corporación doméstica cuyos ingresos fueren menos de $25,000 es inconstitucional, pero quizá haríamos esto sin declarar nula toda la ley. *Brazee v. Michigan*, 241 U. S. 340; *Weller v. People of the State of New York*, 268 U. S. 319.

*Debe revocarse la sentencia apelada y hacerse la devolución solicitada.*

El Juez Presidente Señor del Toro, disintió.*

El Juez Asociado Señor Hutchison está conforme con el resultado.