JUAN MASINI, TOMÁS TORRES, PEDRO L. LAMOUTE, CELSO DÁVILA, JOAQUÍN HERNÁNDEZ, GUILLERMO HERNÁNDEZ, MIGUEL PELEGRINA, JUAN ALVAREZ, MERCEDES RIVERA, ZORAIDO RIVERA e HIPÓLITA BURGOS, demandantes y apelantes, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 7388.—*Sometido:* Diciembre 21, 1937. *Resuelto:* Marzo 11, 1938.

R. *Soltero Peralta,* abogado de los apelantes; *Hon. Procurador Ge-neral B. Fernández García* y *M. Rodríguez Ramos, Subprocura-dor,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Muestran los autos que en enero 11, 1936, once deman-dantes presentaron una demanda enmendada que contiene once causas de acción; que el demandado la excepcionó; que la corte declaró las excepciones con lugar; que cuatro de los once demandantes presentaron entonces una segunda demanda enmendada que fué excepcionada por el demandado y que la corte declaró las excepciones con lugar y considerando la de-manda no susceptible de enmienda dictó sentencia desesti-mándola sin especial condenación de costas. Contra esa sen-tencia es que se interpuso el presente recurso de apelación.

Son alegaciones comunes a las once causas de acción pri-mitivas y a las cuatro finalmente ejercitadas las siguientes:

Tres empleados del demandado, en noviembre de 1931 y en Jayuya, actuando en el ejercicio de sus funciones como tales en el establecimiento de líneas transmisoras de electricidad in-clusas en el proyecto de desarrollo de fuentes fluviales del Gobierno de Puerto Rico, realizaron los actos causantes de los

perjuicios reclamados, como sigue: Uno, Ramón Ortiz, colocó en los bajos de la cocina de la casa de María Mattei, sin su consentimiento, cuatro "drums" de gasolina del demandado; otro, Francisco Rodríguez, trató de sacar por la madrugada de uno de los "drums" una lata de gasolina mientras el tercero, Juan Ramón Ybio, alumbraba con un farol de gas de modo tan negligente que inflamó la gasolina, propagándose el fuego en todas direcciones.

Varían entonces las alegaciones describiéndose en cada causa de acción la propiedad o propiedades destruídas por el incendio y especificándose los daños sufridos que unidos ascienden en las últimas cuatro causas de acción a la suma de $29,219 por la cual se pide sentencia en contra del demandado.

Y vuelve entonces a alegarse en cada una de las cuatro causas de acción finalmente ejercitadas:

"Que con fecha 23 de noviembre de 1932 el demandante en esta causa de acción radicó demanda ante la Corte de Distrito de Arecibo, Puerto Rico, contra El Pueblo de Puerto Rico y la Puerto Rico Irrigation Service, bajo el número 13,551, y reclamando daños y perjuicios por el concepto aquí expresado; pero no habiendo estado en condiciones dicho demandante de prestar fianza a favor del Pueblo de Puerto Rico, tal como lo exige la ley número 76 de 13 de abril de 1916 (pág. 155), según fué enmendada por la ley número 11 del 18 de abril de 1928 (pág. 131), dicha acción no pudo progresar y la misma fué archivada con fecha 25 de junio de 1935."

Las excepciones aducidas y declaradas con lugar fueron: falta de jurisdicción por no haber El Pueblo de Puerto Rico prestado su consentimiento para ser demandado, indebida acumulación de partes demandantes y falta de causa de acción porque las acciones que hubieran podido ejercitar los demandantes prescribieron a tenor de lo dispuesto en la sección 9 de la Ley núm. 76 de abril 13, 1916 (pág. 155).

Sostienen los apelantes en su alegato que la corte de distrito erró al declarar las excepciones con lugar.

■ Para basar su contención de que la corte puede conocer del litigio sin el expreso consentimiento del Pueblo demandado, invocan el artículo 9 de la Resolución Conjunta núm. 36, de abril 29, 1927 (pág. 345), conocida como la Ley para el desarrollo de las fuentes fluviales, en la parte que dice:

"El ingeniero director designado por el Comisionado del Interior para dirigir los estudios y construcción de estas obras, sus oficiales, agentes, o empleados tendrán el derecho de entrar, previa notificación al propietario o representante, en cualquier terreno, para practicar deslindes y para situar y establecer cualquiera obra propuesta o inclusa en el proyecto de desarrollo de fuente fluvial, incluyendo las líneas de cualquier canal, camino, túnel, local para embalse de agua, acueducto, planta para desarrollar fuerza eléctrica, líneas transmisoras, subestaciones de transformadores, u otra que se requiera debiendo indemnizarse al propietario por los perjuicios que se le ocasionen como consecuencia de dichas obras; *Disponiéndose,* que el montante de la indemnización deberá ser objeto de la aprobación del Consejo Ejecutivo. . . . ."

Ni la parte del precepto legal transcrito, ni menos la totalidad del mismo, tienen el alcance que pretenden los apelantes. El legislador se limitó a fijar el deber de indemnizar al propietario por los perjuicios que se le ocasionen en las obras que especifica, y lo que los empleados del demandado se dice que realizaron en este caso no está comprendido claramente en ninguna de ellas.

■ Nos inclinamos a creer que no hubo error, pero aunque así no fuera dados los amplios términos en que se enmendó el artículo 1 de la Ley núm. 76 de 1916 (Leyes de ese año, pág. 155), por la Ley núm. 11 de 1928 (Leyes de ese año, pág. 131), siempre habría que resolver que la sentencia se sostiene porque de la faz de la demanda resulta que las causas de acción ejercitadas estaban prescritas de acuerdo con el artículo 9 de la citada Ley núm. 76 de 1916, que expresamente dispone que todas las acciones contra El Pueblo de Puerto Rico prescribirán si el pleito no se entabla dentro de un año

de originada la causa de acción, en relación con el artículo 4 de la misma, como quedó enmendado en 1928, a saber:

".... *Disponiéndose, sin embargo*, que todo demandante, como condición previa para entablar dicha demanda, debe prestar una fianza satisfactoria a la corte por la suma de dos mil (2,000) dólares para responder de las costas; entendiéndose, que la corte tendrá facultades para eximir de fianza a las personas que por razón de pobreza, no puedan prestarla."

El hecho determinante de la causa de acción ocurrió en noviembre 29, 1931, presentándose la primitiva demanda sin el previo requisito de la fianza en noviembre 23, 1932.

El pleito que así se intentó iniciar fué archivado en junio 25, 1935, radicándose la nueva demanda en noviembre del año 1935.

La alegación de que los demandantes no estaban en condiciones de prestar la fianza, carece de mérito porque la misma ley prescribe cómo puede y debe solucionarse la dificultad en tales casos.

Aún cuando dada la conclusión a que hemos llegado podríamos omitir hacer referencia a la indebida acumulación de partes demandantes, deseamos sin embargo decir que la resolución de la corte declarando con lugar la excepción se ajusta a la ley y a la jurisprudencia de esta propia corte interpretativa de la misma. Artículo 104 del Código de Enjuiciamiento Civil (ed. de 1933); *Ortiz* v. *Comisión Policía Insular*, 40 D.P.R. 166; *Rodríguez* v. *Rodríguez et al.*, 17 D.P.R. 733.

*Debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.