JUAN MASINI, TOMÁS TORRES, PEDRO L. LAMOUTE, CELSO DÁVILA, JOAQUÍN HERNÁNDEZ, GUILLERMO HERNÁNDEZ, MIGUEL PELE-GRINA, JUAN ALVAREZ, MERCEDES RIVERA, ZORAIDO RIVERA e HIPÓLITA BURGOS, demandantes y apelantes, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 7388.—<em>Resuelto:</em> Junio 2, 1938.

R. *Soltero Peralta,* abogado de los apelantes; *Hon. Procurador General B. Fernández García* y *M. Rodríguez Ramos, Subprocurador,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En la opinión emitida para fundar la sentencia de marzo once último por virtud de la cual se declaró sin lugar el recurso interpuesto por los demandantes y se confirmó la sentencia apelada que dictó la Corte de Distrito de San Juan en este caso, se dijo, en parte, lo que sigue:

"Nos inclinamos a creer que no hubo error, pero aunque así no fuera dados los amplios términos en que se enmendó el artículo 1 de la Ley núm. 76 de 1916 (Leyes de ese año, pág. 155), por la Ley núm. 11 de 1928 (Leyes de ese año, pág. 131), siempre habría que resolver que la sentencia se sostiene porque de la faz de la demanda resulta que las causas de acción ejercitadas estaban prescritas de acuerdo con el artículo 9 de la citada Ley núm. 76 de 1916, que expresamente dispone que todas las acciones contra El Pueblo de

Puerto Rico prescribirán si el pleito no se entabla dentro de un año de originada la causa de acción, en relación con el artículo 4 de la misma, como quedó enmendado en 1938, a saber:

" ' . . . *Disponiéndose, sin embargo,* que todo demandante, como condición previa para entablar dicha demanda, debe prestar una fianza satisfactoria a la corte por la suma de dos mil (2,000) dólares para responder de las costas; entendiéndose, que la corte tendrá facultades para eximir de fianza a las personas que por razón de pobreza, no puedan prestarla.'

"El hecho determinante de la causa de acción ocurrió en noviembre 29, 1931, presentándose la primitiva demanda sin el previo requisito de la fianza en noviembre 23, 1932.

"El pleito que así se intentó iniciar fué archivado en junio 25, 1935, radicándose la nueva demanda en noviembre del año 1935.

"La alegación de que los demandantes no estaban en condiciones de prestar la fianza, carece de mérito porque la misma ley prescribe cómo puede y debe solucionarse la dificultad en tales casos."

Se quejan los apelantes en una moción sobre reconsideración que han presentado de que al resolver en esa forma la cuestión de prescripción, no se dió la debida consideración a la argumentación que contenía su alegato en relación con la misma. Insisten en que su contención fué y es la siguiente:

" 'Que admitiendo como cierto el hecho de que los demandantes no prestaron la fianza exigida por la ley para responder de las costas, al radicar su primitiva demanda, tal omisión no desvirtúa la interrupción del término prescriptivo motivada por el hecho de la radicación de la demanda. O en otras palabras, que la mera radicación de la demanda, sin la prestación de fianza, actuó eficazmente para interrumpir el plazo prescriptivo."

Admiten que "no existe precedente específico sobre la cuestión," pero dicen que el hecho de que "una ley especial prescriba que la prestación de fianza sea condición previa a la radicación de la demanda" no puede tomarse de base "para violentar principios fundamentales de derecho." Y enuncian como principio fundamental violado que "para interrumpir el término prescriptivo no se puede requerir más que un acto externo del reclamante que demuestre su decisión de recurrir al tribunal." Sostienen que "por eso el hecho de citar al

demandado no es necesario para que quede demostrada esa diligencia'' y agregan que ''la omisión de emplazar al demandado es por tal motivo fundamentalmente similar a la omisión en la prestación de la fianza,'' siendo, por tanto, de aplicación el siguiente comentario de Manresa:

''Tal es, en resumen, el régimen legal establecido para la interrupción civil de la prescripción del dominio; pero en la de acciones, el criterio es muy distinto y más amplio.

''En efecto: en primer lugar, no tienen aplicación en la misma ninguna de las excepciones del art. 1946 antes citado, como lo tiene declarado el Tribunal Supremo en sentencia de 4 de enero de 1901.

''Además, basta la mera presentación de la demanda para que surta ésta el efecto interruptor sin necesidad de esperar a la citación judicial, al contrario de lo que sucede en la prescripción adquisitiva en la que, siendo causa de la interrupción la impugnación de la posesión en que se halla el que prescribe y la pérdida de su condición de pacífica y de ser mantenida de buena fe en concepto de dueño, es indispensable la citación judicial del demandado, para que el poseyente tenga conocimiento de la impugnación de su posesión y pueda o no oponerse a ella. Pero en la prescripción extintiva, no es necesario dicho requisito, porque estando fundada en ella la extinción en el no uso de la acción, basta que sea puesta en ejercicio para que cese la causa y el fundamento de su prescripción.'' (12 Manresa, Comentarios al Código Civil, págs. 883, 884.)

El hecho de que en nuestra opinión de marzo once último no discutiéramos la argumentación de los apelantes, no implica que no le diéramos la consideración debida. Convencidos de su falta de peso, como en tantos otros casos, para no alargar innecesariamente nuestra opinión, nos limitamos a exponer los hechos básicos y la ley aplicable para llegar a la conclusión que los unos y la otra imponían.

Los propios apelantes se refieren a la ley que regula el caso como a una ley especial. El principio general es que no cabe demandar al soberano, aquí El Pueblo de Puerto Rico, sin su consentimiento. Por su Legislatura y con la aprobación de su Ejecutivo, El Pueblo de Puerto Rico consintió en serlo en ciertos casos y bajo determinadas condiciones, a virtud de la ley especial de que se trata. Una de ellas, que

expresamente caracterizó como previa, es la de la fianza. Si la fianza no se presta, si no se cumple con ese requisito previo, no puede iniciarse el pleito. A la radicación de la primitiva demanda sin ese requisito, no puede, pues, reconocerse efecto legal alguno a los fines de la interrupción del término prescriptivo. No debió radicarse siquiera por el secretario de la corte de distrito, y si lo fué, su radicación es como si no existiera.

La citación de un demandado es algo ulterior a la radicación. Presupone un pleito iniciado; una acción comenzada a ejecutar. No es comparable, pues, con la falta de cumplimiento de una condición sin la cual no puede ejercitarse la acción, ni iniciarse el pleito, ni radicarse la demanda. De ahí que el argumento de los apelantes carezca de fuerza decisiva.

*La moción de reconsideración debe, por tanto, ser declarada sin lugar.*