ROMÁN ORTIZ TORO, demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 8172.—*Sometido:* Mayo 27, 1941. *Resuelto:* Noviembre 7, 1941.

*Arturo Ortiz Toro,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 29 de noviembre de 1931, en el pueblo de Jayuya, una casa propiedad de María Mattei en la que habitaba el demandante Román Ortiz Toro, fué destruída por un incendio, el que destruyó también efectos pertenecientes al demandante y en pago de los cuales éste reclama de El Pueblo de Puerto Rico la suma de $10,477.50.

En la demanda radicada el 29 de noviembre de 1932, el demandante alega que la Srta. María Mattei, propietaria de la casa por él ocupada, había dado en arrendamiento a El Pueblo de Puerto Rico, para uso del Servicio del Riego de Guayama, parte de los bajos de la casa contigua a la ocupada por el demandante; que en el local así arrendado, el Servicio del Riego guardaba *drones* de gasolina; y que en la noche del siniestro los individuos Juan Ramón Ybio y Francisco Rodríguez, el primero agente especial y el segundo empleado del Pueblo de Puerto Rico, fueron a dicho local a buscar gasolina, abrieron uno de los drones allí almacenados, utilizando una linterna de petróleo crudo para alumbrarse, y al hacerlo así dieron lugar a que la gasolina se incendiara ocasionando la destrucción de varias casas y de los efectos pertenecientes al demandante.

El 12 de febrero de 1934 el demandante radicó ante la Corte de Distrito de San Juan una moción en la que solicitaba se le eximiese, por razón de su insolvencia, de la obligación de prestar la fianza que requiere la ley para poder entablar acción contra El Pueblo de Puerto Rico. Y habiendo sido autorizado por dicha corte para que continuase

la tramitación del caso, sin prestación de fianza por el demandante, éste radicó en 27 de abril de 1935 una demanda enmendada basada en los mismos hechos alegados en la demanda original.

El Pueblo de Puerto Rico contestó la demanda en 6 de mayo de 1936, y después de negar específicamente los hechos esenciales de la misma, interpuso como defensas especiales las siguientes: (1) que la acción que pretende ejercitar el demandante está prescrita por haber transcurrido un término mayor de un año desde el 29 de noviembre de 1931, fecha del incendio, y el 6 de mayo de 1935, fecha en que se radicó la demanda enmendada, sin que pueda considerarse interrumpida la prescripción por la radicación de la demanda original en 29 de noviembre de 1932, toda vez que dicha radicación no se hizo de acuerdo con las disposiciones de la ley núm. 76 de 13 de abril de 1916 (pág. 155); (2) que la corte carece de jurisdicción para entender en este caso porque se trata de una demanda o acción establecida contra El Pueblo de Puerto Rico y no autorizada legalmente.

En 12 de enero de 1938 la Corte de Distrito de San Juan dictó sentencia desestimando la demanda y no conforme el demandante interpuso el presente recurso.

Los diez señalamientos de error formulados por el demandante apelante presentan, a nuestro juicio, dos cuestiones fundamentales, que son las únicas que hemos de considerar, pues de la resolución de cualquiera de ellas depende la sentencia que deba dictarse en este recurso. Dichas cuestiones pueden formularse así:

1a. ¿Erró la corte inferior al sostener que la acción interpuesta por el demandante está prescrita por no haberse cumplido los requisitos de la ley núm. 76 de abril 13, 1916, enmendada por la ley núm. 11 de 18 de abril de 1928?

2a. ¿Erró la corte inferior al sostener que los individuos Juan Ramón Ybio y Francisco Rodríguez no eran agentes especiales de El Pueblo de Puerto Rico y que por tanto éste no era responsable de daños causados por la negligencia de aquéllos?

El artículo 4 de la ley de 13 de abril de 1916, según quedó enmendado por la ley núm. 11 de 18 de abril de 1928, leyes de ese año, pág. 131, lee como sigue:

"Artículo 4.—En los casos que se susciten de acuerdo con esta Ley serán pagados los mismos honorarios, y en la misma forma y tiempo, y con sujeción a las mismas reglas, que se proveen por la ley y para casos civiles en las cortes de distrito de la Isla; *Disponiéndose, sin embargo,* que todo demandante, *como condición previa para entablar dicha demanda,* debe prestar una fianza satisfactoria a la corte por la suma de dos mil (2,000) dólares para responder de las costas; *Entendiéndose,* que la corte tendrá facultades para eximir de fianza a las personas que por razón de pobreza, no puedan prestarla."

En el caso de autos la demanda original fué radicada ante la corte de distrito el día 29 de noviembre de 1932, o sea el mismo día en que expiraba el año concedido por la ley para establecer la acción de daños y perjuicios contra El Pueblo de Puerto Rico. Es un hecho admitido que el demandante se limitó a radicar su demanda en la secretaría de la corte sin cumplir con el requisito del artículo 4, supra, según el cual para poder entablar dicha demanda el demandante debía cumplir antes la condición previa de prestación de fianza, fijada por el estatuto. El demandante no prestó fianza alguna, ni obtuvo con anterioridad a la radicación de la demanda la exención de fianza que la corte podía otorgarle de acuerdo con la misma ley. Esa exención no la obtuvo hasta 14½ meses después de haber expirado el término concedídole para entablar su acción.

La cuestión aquí levantada lo fué también en el caso de *Masini* v. *El Pueblo,* 52 D.P.R. 792, en el cual se reclamaba el valor de unas casas destruídas por el mismo incendio originado en la casa de la Srta. María Mattei. Y al resolver dicha cuestión en contra del demandante apelante, esta corte, por voz de su Juez Presidente Sr. Del Toro, se expresó así:

"Nos inclinamos a creer que no hubo error, pero aunque así no fuera dados los amplios términos en que se enmendó el artículo 1

de la Ley núm. 76 de 1916 (Leyes de ese año, pág. 155), por la Ley núm. 11 de 1928 (Leyes de ese año, pág. 131), siempre habría que resolver que la sentencia se sostiene porque de la faz de la demanda resulta que las causas de acción ejercitadas estaban prescritas de acuerdo con el artículo 9 de la citada Ley núm. 76 de 1916, que expresamente dispone que todas las acciones contra El Pueblo de Puerto Rico prescribirán si el pleito no se entabla dentro de un año de originada la causa de acción, en relación con el artículo 4 de la misma, como quedó enmendado en 1928, a saber:

" '. . . . *Disponiéndose, sin embargo*, que todo demandante, como condición previa para entablar dicha demanda, debe prestar una fianza satisfactoria a la corte por la suma de dos mil (2,000) dólares para responder de las costas; *entendiéndose*, que la corte tendrá facultades para eximir de fianza a las personas que por razón de pobreza, no puedan prestarla.'

"El hecho determinante de la causa de acción ocurrió en noviembre 29, 1931, presentándose la primitiva demanda sin el previo requisito de la fianza en noviembre 23, 1932.

"El pleito que así se intentó iniciar fué archivado en junio 25, 1935, radicándose la nueva demanda en noviembre del año 1935.

"La alegación de que los demandantes no estaban en condiciones de prestar la fianza, carece de mérito porque la misma ley prescribe cómo puede y debe solucionarse la dificultad en tales casos."

Y al denegar la reconsideración de su fallo (53 D.P.R. 294), el tribunal, también por voz de su Presidente, se expresó así:

"Los propios apelantes se refieren a la ley que regula el caso como a una ley especial. El principio general es que no cabe demandar al soberano, aquí El Pueblo de Puerto Rico, sin su consentimiento. Por su Legislatura y con la aprobación de su Ejecutivo, El Pueblo de Puerto Rico consintió en serlo en ciertos casos y bajo determinadas condiciones, a virtud de la ley especial de que se trata. Una de ellas, que expresamente caracterizó como previa, es la de la fianza. Si la fianza no se presta, si no se cumple con ese requisito previo, no puede iniciarse el pleito. A la radicación de la primitiva demanda sin ese requisito, no puede, pues, reconocerse efecto legal alguno a los fines de la interrupción del término prescriptivo. No debió radicarse siquiera por el secretario de la corte de distrito, y si lo fué, su radicación es como si no existiera."

■ La contención del apelante de que El Pueblo de Puerto Rico se sometió a la jurisdicción de la corte de distrito por el hecho de que el Procurador General de Puerto Rico, al ser notificado de la moción solicitando exención de fianza, puso al pie de dicha moción "Notificado y conforme," carece, a nuestro juicio, de mérito. Si la acción que pudiera tener el demandante, de acuerdo con lo resuelto en *Masini* v. *El Pueblo*, supra, prescribió, no obstante haberse radicado una demanda el 29 de noviembre de 1932, por no haberse radicado la fianza exigida por la ley o una orden de exención de fianza dictada por la corte de acuerdo con las facultades que la ley le concede, el Procurador General de Puerto Rico, que no es más que el representante legal de El Pueblo de Puerto Rico, no está facultado por ley alguna para revivir una acción que ha dejado de existir por disposición expresa de un estatuto. Los casos de *Richardson* v. *Fajardo Sugar Company*, 241 U. S. 44, y *Puerto Rico* v. *Ramos*, 232 U. S. 627, no son de aplicación a los hechos del presente caso, toda vez que la comparecencia de El Pueblo de Puerto Rico en el caso de autos se hizo para atacar desde el primer momento la jurisdicción de la corte inferior y alegar la prescripción de la acción.

No erró la corte inferior al sostener la defensa de prescripción.

■ Sostenida, como hemos sostenido, la sentencia de la corte inferior en cuanto a la defensa de prescripción, creemos innecesario entrar a considerar extensamente la cuestión sobre si los empleados del demandado, que ocasionaron el incendio, eran o no agentes especiales del Pueblo de Puerto Rico. Bastará decir que opinamos que es aplicable a los hechos de este caso lo resuelto por este tribunal en *Soto* v. *Lucchetti*, 58 D.P.R. 713, y que de acuerdo con la doctrina sentada en dicho caso los empleados responsables del incendio no actuaban en el momento en que lo causaron como

agentes especiales del Gobierno y sí como empleados en el ejercicio regular de las funciones de su cargo.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.