The Coca Cola Export Sales Co., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado.

Núm. 49.—*Sometido:* Mayo 7, 1945. *Resuelto:* Junio 22, 1945.

*Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados de la peticionaria; *Hon. Procurador General Interino Julio Suárez Garriga,* y *M. Velázquez Flores, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico, demandado en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La peticionaria es una corporación organizada bajo las leyes del Estado de Delaware, autorizada a hacer negocios en Puerto Rico. El 11 de marzo de 1942 radicó en el Departamento de Hacienda su declaración de ingresos correspondiente al año contributivo que empezó el primero de julio de 1941 y terminó el 30 de noviembre del mismo año. Acompañó su declaración de ingresos de un cheque por $8,542.25, que era la contribución que según la declaración de ingresos debía pagar, y unió una carta en la que hizo constar que pagaba bajo protesta la contribución, entre otras razones, porque siendo la contribuyente una corporación extranjera autorizada para hacer negocios en Puerto Rico, el imponerle el tipo contributivo de 20 por ciento cuando a las corporaciones domésticas se les imponía por el mismo concepto el tipo de 18 por ciento, era inconstitucional, e invocó el caso de *Nitrate Agencies Co. v. Domenech, Tes.,* 44 D.P.R. 515 (1933). Solicitó que al expedírsele el recibo se consignase al dorso su protesta.

Basándose en las secciones 64 y 75 de la Ley de Contribuciones sobre Ingresos, el 16 de febrero de 1943 solicitó del Tesorero el reintegro de $854.22, que constituía el 2 por ciento de su ingreso, cuya cantidad alegaba había pagado in-

debidamente. El 23 de julio de 1943 fué denegada la solicitud de reintegro, y de esa resolución apeló la contribuyente el 16 de agosto siguiente para ante el Tribunal de Contribuciones de Puerto Rico.

En su contestación alegó el Tesorero que el Tribunal de Contribuciones carecía de jurisdicción porque aunque la contribuyente decía haber pagado la contribución bajo protesta, el pago debía considerarse como voluntario, de conformidad con lo resuelto en *Blanco* v. *Tribl. de Apelación*, 61 D.P.R. 23 (1942). Alegó además el Tesorero que la contribución de 20 por ciento impuesta a las corporaciones extranjeras era constitucional.

El Tribunal de Contribuciones se declaró sin jurisdicción para conocer del caso, y consecuentemente desestimó la querella, invocando en apoyo de su resolución el caso de *Blanco* v. *Tribl. de Apelación*, supra, que sostiene que el pago de la contribución hecho bajo circunstancias similares a las del presente caso, no constituye uno bajo protesta, a pesar de que el contribuyente, al verificarlo, expresamente alegue que lo hace bajo protesta y se consigne así en el recibo de la contribución.

■■ Convenimos con el Tribunal de Contribuciones en que el pago en el presente caso fué voluntariamente hecho, pues al verificarlo la contribuyente no lo hizo por compulsión ni amenazas de embargo o de venta de sus bienes. *Blanco* v. *Tribunal de Apelación*, supra. Pero como hemos indicado, la reclamación de la peticionaria está basada en las secciones 64 y 75 de la Ley de Contribuciones sobre Ingresos,(¹)

---

(¹)La sección 64(*a*) prescribe en parte:

''Cuando cualquier contribución sobre ingresos o beneficios excesivos impuesta por esta Ley . . . o por cualquiera otra ley, se hubiere pagado en exceso, el montante de dicho exceso será acreditado a cualquier contribución sobre ingresos o beneficios excesivos o a cualquier plazo de las mismas que estuviere vencido, y cualquier remanente de dicho exceso será reintegrado inmediatamente al contribuyente''.

Y la sección 75 prescribe:

''El Tesorero queda autorizado para remitir, reintegrar, y devolver todas las contribuciones errónea o ilegalmente impuestas o cobradas y las penalidades

y esas secciones no requieren que para que proceda el reintegro la contribución haya sido pagada bajo protesta.

■ Siendo la peticionaria una corporación extranjera autorizada para hacer negocios en Puerto Rico, el imponerle y cobrarle una contribución mayor que la que por el mismo concepto impone la Ley a las corporaciones domésticas viola la garantía constitucional de la igual protección de las leyes, *Buscaglia, Tes.,* v. *Tribunal de Contribuciones,* 64 D.P.R. 602, y consecuentemente la diferencia entre el 18 por ciento que pagan las corporaciones domésticas y el 20 por ciento que pagó la peticionaria, fué ilegalmente cobrada en exceso de lo que legalmente venía la contribuyente obligada a pagar.

■ Es verdad que este Tribunal en los casos de *P. R. Fertilizer Co.* v. *Sancho Bonet, Tes.,* 54 D.P.R. 677, *P. R. Fertilizer Co.* v. *Domenech, Tes.,* 50 D.P.R. 405, *Ballester* v. *Tribl. de. Apelación,* 60 D.P.R. 768, 779 (1942), y *Yabucoa Sugar Co.* v. *Domenech, Tes.,* 50 D.P.R. 962 (1936), este último confirmado por la Corte Suprema de los Estados Unidos (*Bonet* v. *Yabucoa Sugar Co.,* 306 U.S. 505), ha sostenido que la facultad que el art. 75 de la Ley de Contribuciones sobre Ingresos confiere al Tesorero para verificar el reintegro era discrecional, y que por consiguiente contra esa resolución no podía recurrirse a los tribunales; pero esa regla ha sido variada por la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), vigente desde el 13 de agosto de 1943, que en su sección 3 prescribe:

"Todas las acciones, recursos o procedimientos que deban substanciarse ante el Tribunal de. Contribuciones de Puerto Rico se iniciarán mediante instancia jurada de la persona o entidad recurrente . . . dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cual-

cobradas sin autoridad, y toda contribución que aparezca injustamente impuesta o en cantidad excesiva o de cualquier manera erróneamente cobrada; y hará un informe a la Legislatura de Puerto Rico al empezar cada sesión ordinaria, de todas las transacciones que en esta sección se autorizan."

quiera de los siguientes casos: . . . (4) denegatorias de reembolso de cualquier contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa; `. . .''(²)

 Habiendo la peticionaria pagado una contribución en exceso de la que legalmente venía obligada a pagar, y reclamado su reintegro dentro del término prescrito por la Ley, erró el Tribunal de Contribuciones al no ordenar al Tesorero la devolución de la cantidad ilegalmente cobrada.

*Procede anular la resolución del Tribunal de Contribuciones y devolver el caso a dicho Tribunal para que dicte una resolución consistente con esta opinión.*

----

(²)La Asamblea Legislativa, al autorizar la revisión de la decisión del Tesorero, .adoptó el procedimiento similar establecido en la Ley de Contribuciones sobre Ingresos federal.

Véase a este efecto 10 Mertens, *Law of Federal Income Taxation,* sec. 58.47, pág. 350 *et seq.,* especialmente la sec. 58.52, pág. 361, que indica que no se requiere el pago bajo protesta.