646

VALIENTE Y COMPAÑÍA, S. EN C., demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, y el HON. JORGE J. JIMÉNEZ, COMISIONADO DEL INTERIOR, demandados y apelados.

Núm. 10174.—*Sometido:* Junio 13, 1950.   *Resuelto:* Junio 23, 1950.

*E. Martínez Rivera,* abogado de la apelante; *Hon. Procurador General Vicente Géigel Polanco (José C. Aponte, Procurador General Interino,* en el alegato) y *Edgar S. Belaval, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La apelante radicó demanda en la corte de distrito contra el Comisionado del Interior y el Superintendente de Obras Públicas solicitando sentencia declaratoria a los efectos de que los demandados venían obligados a pagar a la demandante cierta suma de dinero, en relación con un contrato para la construcción de un puente. Revocamos la sentencia en favor de la demandante, resolviendo que en efecto se trataba de un pleito contra El Pueblo de Puerto Rico, quien no había dado su consentimiento para ser demandado. Determinamos que este caso no caía dentro del alcance del artículo 1 de la Ley núm. 76, Leyes de Puerto Rico, 1916 (pág. 155), según fuera enmendada por la núm. 11, Leyes de Puerto Rico, 1928 (pág. 131), en la cual El Pueblo de Puerto Rico consintió en ser demandado en lo referente a los asuntos expresamente reseñados en la misma. *Valiente & Cía.* v. *Cuevas, Comisionado*, 65 D.P.R. 181.

Luego la Legislatura aprobó la Ley núm. 391, Leyes de Puerto Rico, 1946 ((1) pág. 1061), la cual autorizó específicamente a la apelante a instar demanda contra El Pueblo en relación con la liquidación final del contrato a que nos hemos referido. Algún tiempo después la demandante radicó en la corte de distrito una demanda contra El Pueblo solicitando sentencia declaratoria. Ésta fué desestimada por la corte inferior porque la demandante omitió radicar una fianza, según se dispone en el artículo 4 de la Ley núm. 76, como ha sido enmendada. Confirmamos la sentencia de la corte de distrito en opinión *Per Curiam* de mayo 24, 1949.

La demandante radicó una tercera demanda sobre sentencia declaratoria a la cual acompañó la fianza. La corte inferior desestimó la demanda por el fundamento de que la acción estaba prescrita. El caso está ahora ante nos en apelación de esa sentencia.

■ El único error señalado es que la corte inferior erró al resolver que la acción había prescrito. El artículo 9 de la Ley núm. 76 dispone que las acciones contra El Pueblo pres-

cribirán dentro del término de un año después de originada la causa de acción, excepto las acciones de reivindicación, las cuales prescribirán a los dos años. La causa de acción de la apelante surgió en virtud de la aprobación de la Ley núm. 391 de 1946. Véanse *R. Santaella & Bros.* v. *Tribl. de Contribuciones,* 66 D.P.R. 868; *The Coca Cola Co.* v. *Tribl. Contribuciones,* 65 D.P.R. 152. La Ley núm. 391 fué aprobada en abril 22, 1946, para entrar en vigor 90 días después de su aprobación. La demanda en este caso fué radicada en julio 12, 1949, mucho después de haber expirado el término de un año provisto para ello en el artículo 9 de la Ley núm. 76.

▆▆▆ No obstante la apelante sostiene que dicho término de un año no es aplicable en este caso porque esta acción no cae dentro de aquéllas autorizadas por el artículo 1 de la Ley núm. 76, como resolvimos en *Valiente & Cía.* v. *Cuevas, Comisionado,* supra. Pero hemos resuelto que cuando una ley especial autoriza acciones no incluídas en el artículo 1 son, no obstante, aplicables los requisitos de las otras disposiciones de la Ley núm. 76 relacionadas con la prestación de fianza y la prescripción. *Campis* v. *Pueblo,* 67 D.P.R. 393; *Masini* v. *Pueblo,* 53 D.P.R. 294; *Valiente & Cía.* v. *Pueblo,* *(Per Curiam)* resuelto el 24 de mayo de 1949. Fué por este motivo que confirmamos la sentencia de la corte inferior en el segundo caso por no haberse prestado la fianza. Por la misma razón, el no haber la demandante iniciado su acción dentro del término de un año a partir de la fecha en que entró en vigor la Ley núm. 391, según lo dispone el artículo 9 de la Ley núm. 76, fué fatal.

La Ley núm. 76 contiene tres requisitos fundamentales. El primero es que la acción debe ser una de las incluídas en el artículo primero. El segundo es que deberá prestarse una fianza (art. 4); el tercero es la cláusula de prescripción (art. 9). La Ley núm. 391 eliminó el requisito del artículo 1. Pero ésta no tuvo efecto sobre los requisitos segundo y tercero. El segundo fué cumplido al radicarse la fianza en este pleito. Pero, para la fecha en que se radicó la demanda,

ésta estaba prescrita a tenor con lo dispuesto por el artículo 9 de la Ley núm. 76.

No podemos convenir con la demandante en que la radicación de la segunda demanda interrumpió el término de prescripción. La resolución y el lenguaje en *Masini* v. *Pueblo*, supra, y *Ortiz Toro* v. *Pueblo* 59 D.P.R. 441, son en sentido contrario.

*La sentencia de la corte de distrito será confirmada.*