## RICHARDSON, AS TREASURER OF PORTO RICO, v. FAJARDO SUGAR COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 280.　Argued March 13, 14, 1916.—Decided April 17, 1916.

In an action in the United States District Court of Porto Rico, against the Treasurer of Porto Rico, the Attorney General of Porto Rico having appeared, made full answer to the original complaint, stipulated for a day of trial, and also answered an amended and a supplemental complaint, *held* that, even though the government of Porto Rico has sovereign attributes and has only consented to be sued in its own courts (*Porto Rico* v. *Rosaly,* 227 U. S. 270), the solemn appearance of, and the taking of other steps by, the Attorney General, amounted to a consent, in this case, to be sued in the United States court, and thereafter the government could not deny the jurisdiction. *Gunter* v. *Atlantic Line,* 200 U. S. 273.

6 Porto Rico Fed. Rep. 224, affirmed.

THE facts are stated in the opinion.

*Mr. Samuel T. Ansell,* with whom *Mr. Howard L. Kern* and *Mr. Lewis W. Call* were on the brief, for plaintiff in error:

This court has jurisdiction of this writ of error.

The required jurisdictional amount is here in dispute and constitutes the ground of review.

No certificate is required as to the question of jurisdiction of the court below.

Writ of error and not appeal is the proper procedure for review.

The opinion below does not stand analysis.

It seems lacking in consistency and guiding principles, upon the question of Porto Rico's immunity from suit;

upon the question whether the suit was one against Porto Rico and upon the question of consent or waiver.

It seems to have been guided by inadmissible conceptions of justice, public policy, and convenience.

The court below had no jurisdiction of the defendant or of the action.

Porto Rico's immunity from suit is the immunity of a Sovereign, and is of the same protective quality as the immunity of the United States and of the several States and Territories. *Porto Rico* v. *Rosaly*, 227 U. S. 270.

This suit, though in form against the Treasurer of Porto Rico, is in reality against the People of Porto Rico.

The Sovereign may limit its consent to be sued to its own courts.

The statute in question does not grant the consent of the People of Porto Rico to be sued in the Federal court.

The nature and incidents of the remedy created show conclusively an intention on the part of the Legislature to commit the matter solely to the Insular Courts.

The judicial power conferred upon the Federal court for Porto Rico does not authorize it to exercise the power of certification conferred by the act in question.

Consent of the Sovereign to be sued, being in derogation of sovereignty, must be established in clear and unmistakable terms, and cannot be established or enlarged by construction.

Jurisdiction of this suit and of the defendant was not conferred by the appearance and answer of the Attorney General and the Treasurer of Porto Rico, for consent of the Sovereign to suit can be granted, and exemption from suit waived only by act of the legislature.

An analysis of the authorities relied upon by the defendant in error in the court below, and the decisions of the court when carefully considered show that the judgment is wrong on the merits.

The shares of stock in question were a part of the

capital of the company "employed in the transaction of business in Porto Rico," and the assessment of the same as such was in all respects lawful.

Numerous authorities sustain these contentions.

*Mr. Lorenzo D. Armstrong,* with whom *Mr. Joseph W. Murphy* was on the brief, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Taxes for the fiscal year 1911–1912 amounting to $7038 were assessed against defendant in error on account of certain personal property and were paid under protest. Purporting to proceed under Act No. 35, Laws of Porto Rico, 1911 (copied in margin),[1] and claiming the assess-

---

[1] SECTION 1. That in all cases in which an officer charged by law with the collection of revenue due the Government of Porto Rico, shall institute any proceeding or take any steps for the collection of the same, alleged or claimed by such officer to be due from any person, the party against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute, pay the same under protest.

SEC. 2. Be it further enacted that, upon his making such payment, the officer or collector shall pay such revenue into the Treasury of Porto Rico, giving notice at the time of the payment to the Treasurer, that the same was paid under protest.

SEC. 3. Be it further enacted that, the party paying said revenue under protest may, at any time within thirty days after making said payment, and not longer thereafter, sue the said Treasurer for said sum, for the recovery thereof in the court having competent jurisdiction thereto; and if it be determined that the same was wrongfully collected as not being due from said party to the Government for any reason going to the merits of the same, the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded, and thereupon the Treasurer shall repay the same, which payment shall be made in preference to other claims on the Treasury. Either party to said suit shall have the right of appeal to the Supreme Court.

SEC. 4. Be it further enacted that, there shall be no other remedy in

ment was wholly illegal, the Sugar Company brought this suit to recover the sum so paid. In due season the Treasurer of Porto Rico, appearing by its Attorney General, made full answer to the original complaint; a day for trial was fixed by stipulation; an amended and also a supplemental complaint were filed and appropriately answered. . Eight months after institution of the action the court's jurisdiction was first challenged by motion to dismiss and thereafter the point was persistently urged. The company recovered judgment for amount claimed (6 P. R. F. R. 224); and the cause has been argued here by counsel.

It is not now seriously maintained that the tax was lawfully demanded—in effect, the contrary is conceded.

A reversal of the District Court's action is asked upon the theory that the proceeding is against Porto Rico, a government of sovereign attributes which has only consented to be sued in its own courts. *Porto Rico v. Rosaly,* 227 U. S. 270. Whatever might have been the merit of this position if promptly asserted and adhered to, we hold, following the principles announced in *Porto Rico v. Ramos,* 232 U. S. 627, that having solemnly appeared and taken the other steps above narrated, plaintiff in error could not thereafter deny the court's jurisdiction. *Gunter* v. *Atlantic Coast Line,* 200 U. S. 273, 284. The judgment is

*Affirmed.*

---

any case of the collection of revenue, or attempt to collect revenue illegally.

SEC. 5. Be it further enacted that, no writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same shall in any wise issue, either supersedeas, prohibition, or any other writ or process whatever; but in all cases in which for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and none other.

SEC. 6.  .  .  .

SEC. 7.  .  .  .