# PEOPLE OF PORTO RICO
## *v.*
# FORTUNA ESTATES.

---

San Juan, Law, No. 1191.

CITIZENSHIP OF PLAINTIFF.

Citizenship—People of Porto Rico.
    1. A state is not a citizen within the procedure law. Where the

---

NOTE.—Removal of cause to Federal court because of separable controversy; scope and limitations of statutes as to states, see note in 5 L.R.A. (N.S.) 56.

People v. Fortuna Estates.

people of Porto Rico bring a suit they must be held to have brought it for all proper purposes of litigation, including removal to the Federal court. A state cannot prohibit removal of suits from local courts.

Removal of Suits—United States District Court for Porto Rico.

2. Where the Judicial Code, § 28, provides for jurisdiction "by this title," it must be construed as embracing the United States district court for Porto Rico under § 41 of the Jones Act. Wenar v. Pohl, 1 Porto Rico Fed. Rep. 37, overruled.

Opinion filed August 21, 1917.

*Mr. Howard L. Kern,* Attorney General, for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

This cause comes up on a motion to remand to the local district court at Ponce on the ground that there is no diversity of citizenship between plaintiff and defendant sufficient to authorize the removal to the Federal district court.

1. Section 41 of what is commonly called the Jones Act provides of this Federal court that "such district court shall have jurisdiction of all cases cognizable in the district courts, of the United States, and shall proceed in the same manner." [39 Stat. at L. 965, chap. 145, Comp. Stat. —, § 3803qq.] It is contended that this would not give jurisdiction of a suit to which the people of Porto Rico is a party because a state is not a citizen. Postal Teleg. Cable Co. v. United States (Postal Teleg. Cable Co. v. Alabama) 155 U. S. 482, 39 L. ed. 231, 15 Sup. Ct. Rep. 192. It was there decided that a state was

People v. Fortuna Estates.

not a citizen; and a suit between a state and a citizen of another state is not a suit between citizens of different states, and therefore the Federal court had no jurisdiction. Ames v. Kansas, 111 U. S. 449, 28 L. ed. 477, 4 Sup. Ct. Rep. 437; Stone v. South Carolina, 117 U. S. 430, 29 L. ed. 962, 6 Sup. Ct. Rep. 799; Germania Ins. Co. v. Wisconsin, 119 U. S. 473, 30 L. ed. 461, 7 Sup. Ct. Rep. 260; Arkansas v. Kansas & T. Coal Co. 183 U. S. 185, 46 L. ed. 144, 22 Sup. Ct. Rep. 47. It cannot be questioned that a state is not a citizen, but this has no application to the suit at bar. There is no state that is party to the suit in question. The people of Porto Rico are not a state in any sense of the word. They have been held by this court in the recent habeas corpus case of Re Tapia, 9 Porto Rico Fed. Rep. 452, to be a territory duly incorporated into the United States; but no case is cited applying the doctrine of state sovereignty to the subordinate subdivisions authorized by Congress and known as territories. It is true that the Supreme Court has held the liability to suit declared in the Foraker Act not to apply to suits against Porto Rico which are not brought by consent (Porto Rico v. Rosaly y Costillo, 227 U. S. 270, 57 L. ed. 507, 33 Sup. Ct. Rep. 352), but it has been held that this does not apply where the people of Porto Rico voluntarily come into court. Richardson v. Fajardo Sugar Co. 241 U. S. 44, 60 L. ed. 879, 36 Sup. Ct. Rep. 476. It must be considered that when the people of Porto Rico bring a suit against anyone that they bring the suit with the view that it shall be properly determined. This involves that it is to be determined in the Federal court just as well as in the local court, provided, of course, that the terms of the removal act are applicable. A legislative provision by a state that suits

shall not be removed from the local to Federal courts is itself unconstitutional. Donald v. Philadelphia & R. Coal & I. Co. 241 U. S. 329, 60 L. ed. 1027, 36 Sup. Ct. Rep. 563; Missouri v. Chicago, B. & Q. R. Co. 241 U. S. 533, 60 L. ed. 1148, 36 Sup. Ct. Rep. 715.

2. It is argued, however, that the Removal Act does not apply in the case at bar. Section 41 of the Organic Act provides that the district court "shall have jurisdiction of all controversies where all the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state— . . . not domiciled in Porto Rico." [39 Stat. at L. 965, chap. 145, Comp. Stat. —, § 3803qq.] The Removal Act provides: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title . . . in any state court may be removed into the district court of the United States." [36 Stat. at L. 1094, chap. 231, Comp. Stat. 1916, § 1010.] The Judicial Code, § 28, amended January 20, 1914. It would be sticking in the bark to hold that there can be no removal except what is authorized by that particular title of the Judicial Code, for it has no original reference to Porto Rico. A proper construction of it would make the word "title" synonymous with the subject, or read the Organic Act as to this court into the title in question, so as to make the title cover the whole subject.

It is argued, however, that the case has been already decided in principle in Wenar v. Pohl, 1 Porto Rico Fed. Rep. 37. There Judge Holt held that he "accepted the law as he found it and would hew to the line, regardless of where the chips might fall;" and that accordingly § 3 of the Act of March 2,

People v. Fortuna Estates.

1901, provided for the jurisdiction of the district court as between nonresidents, but not for removal in such cases. Since that case was decided the United States Supreme Court in Garrozi v. Dastas, 204 U. S. 64, 73, 51 L. ed. 369, 376, 27 Sup. Ct. Rep. 224, has said that "in consequence of the enlarged character of the jurisdiction conferred by that act, and the obvious departure which it manifests from the principles controlling the jurisdiction of a United States court as contradistinguished from a state court, we do not think the rule which demarks the line between the courts of the United States and state courts within the Removal Act should be held applicable to Porto Rico to the extent which might have obtained had the Act of 1901 not been enacted." The securing of a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides is the object of the Removal Acts. Barrow S. S. Co. v. Kane, 170 U. S. 111, 42 L. ed. 968, 18 Sup. Ct. Rep. 526. There is no reason why that does not apply in Porto Rico as well as New York. The case seems to have arisen which was anticipated by Judge Rodey in Valdes v. Pettingill, 4 Porto Rico Fed. Rep. 518; and it would seem in view of the tendency of legislation and to the advantages of all parties in all courts to hold that Wenar v. Pohl is now not controlling.

It follows that the motion to remand must be denied. It is so ordered.