ROMÁN ORTIZ TORO, Plaintiff and Appellant, *v.* THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 8172.   Argued May 27, 1941.—Decided November 7, 1941.

*Arturo Ortiz Toro* for appellant. *George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

On November 29, 1931, in the town of Jayuya, a house owned by María Mattei, in which Ramón Ortiz Toro lived, was destroyed by a fire, which also destroyed certain effects belonging to plaintiff who claims compensation therefor in the sum of $10,477.50 from the People of Puerto Rico.

In the complaint, which was filed on November 29, 1932, the plaintiff alleged that Mrs. María Mattei, owner of the house where he was living, had leased to the People of Puerto Rico, to be used by the Irrigation Service of Guayama, part of the ground floor of the house next to that occupied by the plaintiff; that in the premises so leased the Irrigation Service used to store gasoline drums; and that on the night of the fire Juan Ramón Ybio and Francisco Rodríguez, the former a special agent and the latter an employee of the People of Puerto Rico, went to said premises to fetch some gasoline, opened one of the drums stored there, lighting their way with a kerosene lamp, and by so doing caused the gasoline to ignite, destroying several houses and the effects belonging to the plaintiff.

On February 12, 1934, the plaintiff filed a motion in the District Court of San Juan requesting to be exempted, on the ground of insolvency, from the obligation to furnish the bond required by law for bringing suit against the People of Puerto Rico. He was authorized by said court to proceed with his case without the furnishing of a bond, and on April 27, 1935, he filed an amended complaint based on the identical grounds set forth in the original complaint.

The People of Puerto Rico answered the complaint on May 6, 1936, and after denying the essential facts thereof, pleaded the following special defenses: (1) that the action

brought by the plaintiff had prescribed, as more than one year had elapsed between November 29, 1931, when the fire occurred, and May 6, 1935, when the amended complaint was filed, and no interruption of prescription could be claimed by reason of the filing of the original complaint on November 29, 1932, because such filing was not done in accordance with the provisions of Act No. 76, approved April 13, 1916; (2) that the court was without jurisdiction to take cognizance of this case, as there is involved herein a complaint or suit brought against the People of Puerto Rico which is not legally authorized.

On January 12, 1938, the District Court of San Juan rendered judgment dismissing the complaint, and the plaintiff, feeling aggrieved by that decision, took the present appeal therefrom.

The ten assignments of error formulated by the plaintiff raise, in our judgment, two fundamental questions which are the only ones that we will consider, as any judgment that might be rendered by us depends upon the determination of either of them. Said questions may be stated thus:

1. Did the lower court err in holding that the action brought by the plaintiff had prescribed because of the failure to comply with the requirements of Act No. 76 of April 13, 1916, as amended by Act No. 11 of April 18, 1928?

2. Did the lower court err in holding that Juan Ramón Ybio and Francisco Rodríguez were not special agents of The People of Puerto Rico and that, therefore, the latter was not responsible for any damages resulting from their negligence?

Section 4 of the Act of April 13, 1916, as amended by Act No. 11, approved April 18, 1928 (Session Laws, p. 130), reads as follows:

"Section 4. The same fees shall be paid in cases arising under this Act, and in the same manner and time, and subject to the same regulations, as is provided by law for civil cases in the district courts of the Island; *Provided, however,* That every plaintiff, *as condition precedent to commencing such suit,* must furnish a bond

satisfactory to the court in the sum of two thousand (2,000) dollars in answer for costs; *Provided,* That the court shall have power to exempt from giving bond such persons as, on account of their poverty, may not be able to do so.

The original complaint in the instant case was filed in the district court on November 29, 1932, that is, on the very day of the expiration of the limitation period of one year applicable to actions for damages against the People of Puerto Rico. It is an admitted fact that the plaintiff confined himself to the filing of his complaint in the office of the clerk of the court without complying with the require- ment of section 4, *supra,* according to which a plaintiff, as a condition precedent to commencing such suit, must furnish a bond as required by the statute. The plaintiff did not fur- nish any bond, nor did he, prior to the filing of his com- plaint, obtain the exemption from furnishing such bond which could have been granted to him by the court pursuant to the same statute. Such exemption was not secured by him until 14½ months after the expiration of the term available for bringing his action.

The question now raised is identical with the one set up in *Masini* v. *People,* 52 P.R.R. 766, wherein it was sought to recover the value of some houses destroyed by the same fire that started in the house of Mrs. María Mattei. In de- ciding said question adversely to the plaintiff-appellant, this court speaking through Mr. Chief Justice Del Toro said:

"We are inclined to believe that there was no error, but even if this were not so, in view of the broad.terms in which Section 1 of Act No. 76 of 1916 (Laws, p. 151) was amended by Act No. 11 of 1928 (Laws, p. 130), we would in any event have to hold that the judgment be sustained since from the face of the complaint it ap- pears that the causes of action sought to be brought are prescribed in accordance with Section 9 of Act No. 76 of 1916 above referred to, which expressly provides that all actions against the People of Puerto Rico shall prescribe, if suit is not begun within one year after the cause of action arises, as construed in connection with Section 4 thereof, as amended in 1928, as follows:

" ' . . . . *Provided, however,* That every plaintiff, as condition precedent to commencing such suit, must furnish a bond satisfactory to the court in the sum of two thousand (2,000) dollars in answer for costs; *·Provided,* That the court shall have power to exempt from giving bond such persons as, on account of their poverty, may not be able to do so.'

"The acts giving rise to the cause of action occurred on November 29, 1931, the original complaint having been filed without the requisite bond on November 23, 1932.

"The action thus sought to be commenced was dismissed on June ·25, 1935, the new complaint having been filed in November, 1935.

"The averment that the plaintiffs were not able to furnish the bond is without merit since the act itself provides how the difficulty in such cases can and should be solved."

In denying a motion for reconsideration of its judgment (53 P.R.R. 280), the court, again speaking through the Chief Justice, expressed itself thus:

"The appellants themselves refer to the statute regulating the case · as a special enactment. The general principle is that a sovereign, here the People of Puerto Rico, can not be sued without its own consent. Through its legislature and with the approval of its executive, the People of Puerto Rico has consented to be sued in certain cases and under certain conditions, pursuant to the special act in question. One of the requisites which it expressly characterized as a condition precedent, is that of the bond. If the bond is not furnished, if such a condition precedent is not complied with, the suit can not be commenced. The filing of the first complaint without this requisite, can not therefore be given any legal effect for the purpose of interrupting the prescriptive period. It should not even have been filed by the clerk of the district court, and if it was, such filing is as if it had never existed."

■ Appellant's contention that the People of Puerto Rico submitted itself to the jurisdiction of the district court by reason of the fact that the Attorney General of Puerto Rico, upon being served with a copy of plaintiff's motion to be exempted from the furnishing of a bond, wrote at the foot of said motion the legend: "Served with notice and agreed," is, in our opinion, without merit. If the action available to

the plaintiff had prescribed, conformable to the decision in *Masini* v. *People, supra,* in spite of the filing of a complaint on November 29, 1932, because of the lack of either the statutory bond or an order for exemption from the furnishing of a bond, made by the court in the exercise of the powers granted to it by law, the Attorney General of Puerto Rico, who is simply the legal representative of the People of Puerto Rico, is not empowered by any law to revive an action that has ceased to exist by an express provision of law. The decisions in *Richardson* v. *Fajardo Sugar Company,* 241 U. S. 44, and *Puerto Rico* v. *Ramos,* 232 U. S. 627, have no application to the facts in the instant case, for the appearance of the People of Puerto Rico in the case at bar was made for the purpose of challenging from the start the jurisdiction of the lower court and of pleading the prescription of the action.

The lower court did not err in sustaining the defense of prescription.

█ Inasmuch as the judgment of the lower court has been upheld by us on the ground of the prescription pleaded, we deem it unnecessary to consider at length the question of whether or not the employees of the defendant, who caused the fire, were special agents of the People of Puerto Rico. It will suffice to say that, in our opinion, the holding of this court in *Soto* v. *Lucchetti,* 58 P.R.R. 715, is not applicable to the facts herein, and that under the doctrine laid down in that case, the employees responsible for the fire were not acting at the time of causing the same as special agents of the People of Puerto Rico but as employees in the regular performance of their duties.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.