171 So.2d 229 (1964)
STATE ROAD DEPARTMENT of Florida, an agency of the State of Florida, Appellant,
v.
Clinton B.F. BRILL, Appellee.
No. G-16.
District Court of Appeal of Florida. First District.
November 12, 1964.
P.A. Pacyna, Tallahassee, for appellant.
Robert L. Parks, of Law Office of A.E. Quinton, Jr., Miami, and Martin S. Michelson, Hartford, Conn., for appellee.
WIGGINTON, Judge.
By this interlocutory appeal the appellant, State Road Department, seeks review of an order entered by the trial court in an action at law denying appellant's motion to dismiss the complaint filed against it herein, which motion is predicated upon several grounds including the grounds that the court lacked jurisdiction over the person of the defendant and the subject matter of the cause.
In its order denying appellant's motion to dismiss the complaint it is recited that by its motion the Road Department attacks the jurisdiction of the court to entertain an action against a state agency without legislative authority. The order also contains a recital to the effect that the motion to dismiss the complaint raises other questions, but at the hearing it was agreed by all parties that any defects in the complaint as a pleading should be more properly attacked by motion for a more definite statement, and that the motion to dismiss should be restricted to the jurisdictional question. The remainder of the order summarizes the allegations of the complaint under which plaintiff purports to state a cause of action for breach of contract by defendant Road Department, and the provisions of the statutory and decisional law of this state bearing upon causes of action of the type involved in this proceeding. The entire burden of the order deals with the question of whether the defendant Road Department is free from liability because of the protection afforded by the doctrine of sovereign immunity. The Road Department's attack upon the cause of action alleged in the complaint is confined exclusively to its asserted defense of sovereign immunity, and includes no defense to the merits of the action.
By its brief filed on this appeal the Road Department presents two points for our consideration, each of which relates exclusively to the question of whether the doctrine of *230 sovereign immunity shields the State Road Department from liability for the damages claimed by plaintiff. Such a defense relates solely to the jurisdiction of the court over the subject matter of the cause, and has no relationship to any question concerning the jurisdiction of the court over the person of the defendant State Road Department.
The Constitution of Florida vests in the District Courts of Appeal of this state jurisdiction to review by appeal final judgments or decrees rendered by trial courts, as well as final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents. The Constitution further ordains that the Supreme Court may provide for review by District Courts of Appeal of interlocutory orders or decrees in matters reviewable by those courts.[1]
In pursuance of the authority granted it by the Constitution, the Supreme Court of Florida adopted a comprehensive code of appellate procedure which, among other things, provides that an interlocutory appeal may be taken in an action at law only from interlocutory orders relating to venue or jurisdiction over the person, or from orders or judgments after final judgment, except those relating to motions for new trial or reconsideration.[2]
The interlocutory appeal before us for consideration does not relate to either venue or jurisdiction over the person of the State Road Department, nor does it seek review of an order or judgment entered after final judgment. It follows that this interlocutory appeal is neither authorized nor permitted by the existing rules of appellate procedure, and therefore this Court has no jurisdiction to consider it. The appeal is accordingly dismissed.
CARROLL, DONALD, K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Constitution of Florida, Article V, Section 5(3), F.S.A.
[2] Rule 4.2  Interlocutory Appeals  Florida Appellate Rules, 31 F.S.A.

"a. Application. Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person, appeals to the appropriate court from interlocutory orders or decrees in equity and orders, judgments or decrees entered in law or equity after final judgment or decree, except those relating to motions for new trial or reconsideration, may be prosecuted in accordance with this rule; provided that nothing in this rule shall preclude the review of an interlocutory order or decree in law or equity on appeal from the final judgment or decree as otherwise authorized by these rules; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari."