231 So.2d 246 (1970)
Claude R. KIRK, Jr.; Fred O. Dickinson; Broward Williams; Earl Faircloth; Doyle Conner; Tom Adams and Floyd Christian, As and Constituting the Trustees of the Internal Improvement Fund of the State of Florida, Appellants,
v.
John Scott KENNEDY and Mildred B. Kennedy, His Wife; and Frank M. George, Jr., and Margaret C. George, His Wife, Appellees.
No. 69-400.
District Court of Appeal of Florida, Second District.
February 6, 1970.
*247 Earl Faircloth, Atty. Gen., T.T. Turnbull, Chief Trial Counsel, and P.A. Pacyna, Asst. Atty. Gen., Tallahassee, for appellants.
H.H. Baskin, Sr., and H.H. Baskin, Jr., of Cooper, Rives & Baskin, Clearwater, for appellees.
HOBSON, Chief Judge.
This is an interlocutory appeal whereby the appellants appeal an order denying their motion to dismiss the appellees' amended complaint. Appellees' amended complaint seeks to quiet title in the appellees to certain upland beach property which had accreted in front of and appurtenant to the appellees' respective homes. Appellants filed their answer and affirmative defenses and prayed that title to the accretions be quieted in the name of the appellants as Trustees of the Internal Improvement Fund of the State of Florida. Subsequently, approximately six months after appellants filed their answer and affirmative defenses, the lower court entered an order which in part provided that the appellants could plead further and at their discretion could withdraw their answer and affirmative defenses. After the order allowing appellants to plead further and withdraw their answer and affirmative defenses was entered, appellants filed their motion to dismiss on the ground, among others, of sovereign immunity and after argument the lower court entered the order appealed on June 11, 1969, some eight months after the appellees' original complaint was filed.
There is no dispute as to a suit against the Trustees of the Internal Improvement Fund being a suit against the State of Florida and therefore comes within the law of "sovereign immunity." Under the law of sovereign immunity a suit may not be maintained against the State of Florida without its consent. Section 69.041, Fla. Stat. 1967, F.S.A., provides that the State of Florida may be named a party in any civil action to quiet title to real or personal property on which the State has or claims a mortgage or other lien. It is undisputed in the instant case that the State of Florida does not have or claim a mortgage or other lien on the property in question.
Appellees contend that the strenuous and vigorous participation by appellants in the lower court constitutes a waiver of sovereign immunity and therefore the lower court was correct in denying their motion to dismiss.
Appellees also contend that in view of the fact that the appellants filed their answer and affirmative defenses praying that title to the property involved be quieted in them, they have waived their sovereign immunity and the trial court was correct in denying their motion to dismiss.
The appellees overlook the fact that the trial court had at the time appellants filed their motion to dismiss allowed them to plead further and withdraw their answer and affirmative defenses. Therefore, when appellants claimed sovereign immunity they were not at the same time praying that title to the property be quieted in them. There is no doubt that under § 253.04, Fla. Stat. 1967, F.S.A., the appellants could have asked the court to quiet title in them and thereby would have consented to the maintenance of the suit.
The appellees, not having cross assigned as error the lower court's order allowing appellants to plead further and withdraw their answer and affirmative defenses, are now left in the position whereby appellants have not consented to the maintenance of the suit.
Appellees, in support of their contention that the appellants have waived their sovereign immunity, rely upon the case of Richardson v. Fajardo Sugar Company, 241 U.S. 44, 36 S.Ct. 476, 60 L.Ed. 879 (1916). In Richardson it was held that Puerto Rico could not invoke sovereign immunity after having fully answered the complaint, a day for trial was fixed by stipulation, an *248 amended complaint and supplemental complaint were filed and appropriately answered and some eight months had passed since the institution of the action. We feel that the Richardson case is not controlling for two reasons.
First, in the case sub judice at the time of the filing of the motion to dismiss on the ground of sovereign immunity, the answer and counterclaim of appellants had by order of the court been allowed to be withdrawn, leaving appellees' amended complaint as the only pleading in the case.
Second, the defense of sovereign immunity relates solely to the jurisdiction of the court over the subject matter of the cause and has no relationship to any question concerning the jurisdiction of the court over the person.[1] Rule 1.140 Fla. Rules of Civil Procedure, subparagraph (b), 30 F.S.A., provides in part:
"* * * Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. * * *"
The same rule provides in subparagraph (h) as follows:
"Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as herein provided or, if he has made no motion, in his answer or reply except (1) that the defense of failure to state a cause of action, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits and (2) that when it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 1.190(b) in the light of any evidence that may have been received."
Therefore, under our Rules of Civil Procedure appellants could at any time move to dismiss appellees' amended complaint on the ground that the court lacked jurisdiction of the subject matter.
There being no dispute as to the fact that the appellants do not have or claim a mortgage or other lien upon the real property involved herein, § 69.041, Fla. Stat. 1967, F.S.A., may not be relied upon to constitute consent on the part of the appellants to be sued and, therefore, the lower court erred in not dismissing appellees' amended complaint.[2]
Reversed.
PIERCE, J., concurs.
McNULTY, J., concurs specially.
McNULTY, Judge (concurring specially).
I fully concur that the law involved within the concept of sovereign immunity precludes maintenance of the instant suit.[3] I am compelled, however, to comment on the possible result of this decision.
Appellants, in asserting sovereign immunity herein, have taken an extraordinary step. Our experience has shown that in almost all prior suits of this nature appellants, as Trustees of the Internal Improvement Fund, waived immunity by participating in the actions to their conclusion. Titles to the lands in question were thus adjudicated. Their action in this case, however, if it is a course which they intend *249 to pursue in the future, can only result in chaotic confusion concerning the title, and merchantability of uncountable parcels of lands. We can take judicial knowledge that there are over 1,200 miles of Florida coastline which is constantly changing shape by accretion and erosion. Riparian owners, whose lands are thereby affected, might well be in an irremediable quandary insofar as establishing the merchantability, if not the boundaries, of their property is concerned. I would hope that the legislature will grant consent to sue the state Internal Improvement Fund in quiet-title suits generally, as they have in such actions when the state has asserted a mortgage or other lien.[4] The stability of titles to Florida land, particularly riparian land, is imminently dependent upon such legislation.
NOTES
[1] State Road Dept. v. Brill, Fla.App. 1964, 171 So.2d 229.
[2] Seaside Properties, Inc. v. State Road Dept., Fla.App. 1960, 121 So.2d 204.
[3] In addition to the authorities cited in the majority opinion, see, also, 81 C.J.S. States § 214, et seq., esp. § 216(c) at p. 1320.
[4] § 69.041(1), F.S.A.