## COOKE v. STATE DEPARTMENT OF TRANSPORTATION, et al.
### No. 70-85.
Circuit Court, Leon County.

November 13, 1970.

Edgar C. Booth, Tallahassee, for the plaintiff.

Betty Owen Stinson, Assistant Attorney, State Department of Transportation, for the defendants.

GUYTE P. McCORD, Jr., Circuit Judge.

This cause came on for hearing upon the plea in abatement of defendant, State of Florida Department of Transportation. Upon consideration of the arguments and briefs of counsel, the court now being advised in the premises finds as follows —

By its plea said defendant contends this court lost jurisdiction to further hear this tort action on July 1, 1970, said date being the effective date of the repeal of a statute by which the state waived its tort immunity and the repealing statute not having a saving clause continuing the court's jurisdiction over the subject matter beyond such date. Said defendant cites State Road Department v. Brill, 171 So.2d 229 (Fla.App.1st, 1964) and Kirk v. Kennedy, 231 So.2d 246 (Fla.App.2d, 1970) which are authority for the proposition that the doctrine of sovereign immunity relates solely to the jurisdiction of the court over the subject matter of the cause. Said defendant then cites State ex rel. Arnold v. Revels, 109 So.2d 1 (Fla., 1959) and other cases which hold that when jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause. While this is the general rule, the intent of the legislature is the pole star in construing and arriving at the meaning of statutes.

Chapter 69-116, Laws of Florida, (the first of the two statutes with which we are here concerned) in waiving the sovereign immunity, makes no reference whatsoever to the jurisdiction of any court. The jurisdiction of the circuit court is defined by article V, §6, of the constitution of Florida. Paragraph (3) thereof states in part as follows —

> "The circuit courts shall have exclusive original jurisdiction . . . in all cases at law not cognizable by subordinate courts, . . ."

When the state waives its immunity from tort liability the circuit court under the above provision of the constitution automatically has jurisdiction to hear the case. In other jurisdictions, such as in the federal courts (from whence come some of defendant's cited authority) where the legislative body itself confers the jurisdiction on a court to hear a particular type of case, we of course have a different situation. There the legislative body being the giver of all jurisdiction can likewise take it away. Here by said chapter 69-116 the legislature, making no reference to jurisdiction, waived the state's immunity in these words —

> "The state, for itself and its counties, agencies, and instrumentalities waives immunity for liability for the torts of officers, employees or servants committed in the state. The state, its counties, agencies, and instrumentalities shall be liable in the same manner as a private individual . . ."

This law further provides —

> "This act shall become effective on July 1, 1969, and shall not apply to acts or ommissions occurring before that date."

Thus we see that under this statute the legislature waived the state's sovereign immunity as to those torts occurring after July 1, 1969. Then *in the same session of the legislature,* Chapter 69-357, Laws of Florida, was passed repealing the previous immunity section. But the repeal was not instanter. The repealer statute became law on July 5, 1970 — five days after the effective date of the immunity waiver, *but it deferred the repeal date to July 1,1970* — exactly one year following the effective date of the waiver. The apparent and obvious intent of the legislature was to provide a one year test period in which the state would waive its liability for torts committed by the state during such period. A saving clause specifically granting the court jurisdiction after July 1, 1970, to continue to hear the cases which arose during the test period was not necessary, the intent being clear that July 1, 1970, not be a cut-off date of the court's jurisdiction.

Had the repeal been immediate the contention of defendant would be more persuasive, but the legislature's deferred action clearly indicates that no cut-off date of the court's jurisdiction to hear the claims arising within the one year period was intended. To say that the legislature intended during its 1969 session to waive its liability for torts committed up to July 1, 1970, and also make it impossible for injured persons to have their claims adjudicated would be an absurdity. The legislature did not intend such an absurdity but only intended to establish a deadline for the state's liability based upon the time of occurrence of the tort. As a specific example, if defendant's contention were accepted, we would be required to conclude that the legislature intended at the 1969 session to give one who suffers a tort at the hands of the state occurring on June 30, 1970, a right of action for such tort and also intended at the same time to snatch that right away by prohibiting a suit to be filed or continued on the next day, July 1, 1970. The circumstances surrounding the enactment of these two laws negatives any such intent and affirmatively indicate a contrary intent. The legislature clearly did not intend to create a race to the courthouse by litigants in the prosecution of the rights it created or a race through the court to final judgment in an attempt to beat a July 1, 1970, deadline.

It is therefore ordered and adjudged that the motion to abate be and it is hereby denied.