PER CURIAM.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Third District, reported at 245 So.2d 922, which “Per Curiam. Affirmed” the trial court’s denial of petitioner’s motion to dismiss a suit to quiet title filed by respondent. In this suit respondent sought title to the lands involved by virtue of invocation of a reverter clause (which became operative through failure of petitioner to act) contained in a deed of conveyance of realty to the petitioner. In pertinent part, the reverter clause stated:
“In the event the above described property should be abandoned or should not be used for public park or recreational purposes, then, and in that event, by operation of law, the title to said property shall revert to the Grantor, its successors or assigns.”
*30 By its motion to dismiss petitioner asserted, among other things, immunity from suit under the provisions of Fla.Stat. § 69.041, 1967, stating:
“ . . . the state may be named a party in any civil action . . . ' . to quiet title to or for the foreclosure of a mortgage or other lien on real or personal property on which the state has or claims a mortgage or other lien." (Emphasis supplied.)
Petitioner contends that since the quiet title suit does not allege either a “mortgage” or “other lien” being asserted by the County, then its claim to immunity should be granted.
While this suit was in progress and prior to the trial court’s denial of petitioner’s petition for rehearing, Fla.Stat. § 69.041, F. S.A. was amended, effectively July 1, 1970, to read:
“(1) . . . the state may be named a party to a civil action . . ^either:
“(a) to quiet title to real property wherein the state has or claims any adverse interest in the title to real estate; or
“(b) for the foreclosure of a mortgage or other lien on real or personal property on which the state has or claims a mortgage or other lien.” (Emphasis supplied.)
Thus, while the record is not clear on this point, the trial court’s decision apparently involved a construction of Fla.Stat. § 69.041, 1967, even though Fla.Stat. § 69.041, 1970, F.S.A., became applicable because of its remedial nature.
In Grammer v. Roman, Fla.App. 1965, 174 So.2d 443, the Second District Court of Appeal, in discussing the retrospective operation of a remedial statute, stated:
“ . . . Remedial statutes are exceptions to the rule that statutes are addressed to the future, not the past. One of the purposes of such a statute is to give effect to acts and contracts of individuals according to the intention thereof. A remedial statute is one which confers a remedy, and a remedy is the means employed in enforcing a right or in redressing an injury. Crawford, Statutory Construction, § 73, p. 105. Remedial statutes do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. . . .”
Sub judice, a suit to quiet title to realty in favor of respondent through invocation of a reverter clause is a “remedy” and “means employed in enforcing a right or in redressing an injury.” The deed to the petitioner, containing the reverter clause, pri-ma facie constitutes an “adverse interest in the title” under Fla.Stat. § 69.041, 1970, F.S.A.
The petition for writ of certiorari reflected probable jurisdiction with us because of conflict with Kirk v. Kennedy, DCA-2, 1970, 231 So.2d 246, however, after argument and upon further review, we fail to find any case construing the 1970 statutory amendment and upon which conflict certiorari could be based.
Accordingly, we conclude that the writ was improvidently issued and it is discharged.
It is so ordered.
ROBERTS, C. J., ERVIN, McCAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.