Antonio Vicente et al., Respondents, v State of Trinidad and Tobago, Appellant, et al., Defendants.

First Department, July 1, 1976

*Howard F. Cerny* for appellant.

*Jerold W. Dorfman* of counsel *(David A. Beale* with him on the brief; *Friend & Dorfman, P. C.,* attorneys for respondents.

*Per Curiam.* In 1960, while the infant plaintiff was a temporary resident in Trinidad, he was injured. He was taken to the State-owned Port of Spain General Hospital for the treatment of compound fractures of both arms.

Plaintiffs alleged a cause of action in malpractice against multiple defendants. Though there were four defendants named, plaintiffs claim to have obtained jurisdiction over only one, the State of Trinidad and Tobago (the State). The affidavits of service of process claim personal service upon the

Trinidad and Tobago Mission to the United Nations, upon British West Indies Airlines, the Trinidad and Tobago Industrial Development Corporation, and the Trinidad and Tobago Tourist Board. Service upon the Attorney General of Trinidad and Tobago was made by registered mail to Trinidad and Tobago. In each instance, the entity or person served was characterized as an "agent for the State of Trinidad and Tobago, a corporation."

The claim of the State is that the plaintiffs did not obtain in personam jurisdiction over it, a sovereign entity, and even if, *arguendo,* such jurisdiction was obtained the complaint must be dismissed, since the State, a sovereign, absent its consent, is immune from suit.

Special Term found that in personam jurisdiction had been obtained against the State and that, furthermore, the State was not under the circumstances of this case entitled to the protection of sovereign immunity. We disagree.

The evidence adduced at the hearing revealed that, while the State may have had an interest in the entities served as a shareholder or otherwise, there was no identity between the State and these enterprises, so that service on any of them could be deemed as service upon the State. Service upon the State's mission to the United Nations was invalid by virtue of a United States treaty with the United Nations, popularly known as the "U.N. Participation Act of 1945" (US Code, tit 22, § 287 *et seq.).* This treaty includes an agreement regarding United Nations headquarters, section 9 of which prohibits service of process on premises of foreign nations located in the United Nations headquarters district without the consent of, and conditions agreed to by, the Secretary-General, which consent was not obtained in this case.

Even were we to analogize the State to a foreign corporation rather than treat it as a sovereign, we find that the State had neither been transacting business in New York, within the meaning of CPLR 302 (subd [a], par 1) *(Longines-Wittnauer v Barnes & Reinecke,* 15 NY2d 443), nor was its presence in New York sufficient to grant jurisdiction under CPLR 301 *(Frummer v Hilton Hotels Int.,* 19 NY2d 533).

When the added ingredient of the sovereignty of the State is considered, it appears clear that no jurisdiction may obtain. A sovereign is liable to suit only when its consent is duly given *(Bonet v Yabucoa Sugar Co.,* 306 US 505).

It is suggested by plaintiffs that the doctrine of sovereign

immunity does not attach when a claim arises out of private acts of a sovereign (e.g., engaging in commercial ventures), and the United States Department of State in the case at bar has declined to grant a "suggestion of immunity," as requested by the State. The role of the United States Department of State and the scope of sovereign immunity are now in a state of flux (see article of Raymond E. Lisle, Dean of Brooklyn Law School, NYLJ, May 12, 1976, p 1, col 1) and, in any event, it appears less than certain that maintenance of a health-care facility is not a proper governmental function (see, e.g., Public Health Law, § 2800) rather than a private act. We need not determine this issue, however, in view of our threshold finding of lack of in personam jurisdiction.

Accordingly, the order of the Supreme Court, New York County, entered August 12, 1975, denying (after a hearing) defendant's motion to dismiss the complaint, should be reversed on the law, the motion granted, and the complaint dismissed, without costs or disbursements.

Murphy, J. P., Lupiano, Birns, Lane and Nunez, JJ., concur.

Order, Supreme Court, New York County, entered on August 12, 1975, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed as to defendant-appellant.