F. BURTIS, Plaintiff–Appellant,

v.

Kofi ANNAN, U.N. Secretary General, Jamsheed Marker, Pakistan U.N. Mission Consulate and Governmental Entities Representatives, U.C. Correspondents, et al., Boutros Ghali, Joseph Connor, Karl Paschke, Barbara Dixon, U.N. Correspondents et al., United Nations and Other Concerned U.N. Officials and U.N.-Affiliated Persons, et al., Defendants–Appellees.

Nos. 00–7252, 00–9046, 00–9310.

United States Court of Appeals, Second Circuit.

April 5, 2001.

---

Farida Burtis, Elmhurst, NY, pro se.

Hans Corell, United Nations, New York, NY; Robert C. Moller, Minister Counselor, United States Mission to the United Nations, New York, NY, for appellees.

Michael M. Krauss, Assistant United States Attorney for the Southern District of New York; Mary Jo White, United States Attorney; Jeffrey Oestericher, Assistant United States Attorney, on the brief, New York, NY, for Amicus Curiae United States of America.

Present McLAUGHLIN and STRAUB, Circuit Judges, KORMAN, District Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

In this Court's docket number 00–7252, appellant appeals from the judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) dismissing her complaint against various United Nations ("UN") and Pakistani officials for lack of subject matter jurisdiction. In this Court's docket numbers 00–9046 and 00–9310, consolidated, appellant moves to un-consolidate and for the appointment of counsel in her appeals from the District Court's orders denying reconsideration and denying the entry of default judgment. As *amicus curiae*, the United States urges this Court to affirm the judgment. By letter, the

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

UN officials have reasserted their privileges and immunities with respect to appellant's suit and appeals.

This Court reviews *de novo* Fed.R.Civ.P. 12(b)(1) *sua sponte* dismissals, *see Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir.2001) (per curiam), and may affirm a judgment on any ground apparent in the record even though not addressed by the district court, *see Westport Bank & Trust Co. v. Geraghty*, 90 F.3d 661, 668 (2d Cir.1996).

Appellant principally contends that because the UN had failed to provide her with a judicial forum suitable to redress her grievances, the District Court had jurisdiction over her complaint pursuant to Section 7(c) of the Agreement Between the United Nations and the United States Regarding the Headquarters of the United Nations ("UN Headquarters Agreement").[1]

▬ By the terms of the UN Headquarters Agreement, certain UN members are "entitled to the same privileges and immunities as the United States extends to accredited diplomatic envoys" regardless of whether the UN member resides within the "headquarters district." *Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir.1995), *cert. denied*, 518 U.S. 1005, 116 S.Ct. 2524, 135 L.Ed.2d 1048 (1996). This immunity extends to civil suits. *See Baley v. United Nations*, 159 F.3d 1345, 1998 WL 536759 (2d Cir. June 29, 1998) (unpublished opinion). Because the UN Headquarters Agreement "otherwise provide[s]" immunity to UN officials, UN Headquarters Agreement § 7(c), *reprinted at* 22 U.S.C. § 287 note, appellant's Section 7(c) argument is meritless and the claims against

the UN officials were properly dismissed pursuant to Rule 12(b)(1). *See Canadian Overseas Ores Ltd. v. Compania De Acero Del Pacifico S.A.*, 727 F.2d 274, 277 (2d Cir.1984) (noting that sovereign immunity is a question of subject matter jurisdiction).

Appellant attempted to serve process on all defendants, whether named in the caption or in the body of the amended complaint, by leaving the summons and complaint with the UN Legal Counsel. Since appellant repeatedly claimed that all the defendants were affiliated with the UN and there was nothing indicating a contrary conclusion, the District Court did not reach the question of whether appellant had established personal jurisdiction over the defendants. *See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir.1993) ("The plaintiff bears the burden of establishing personal jurisdiction over the defendant." (internal quotation marks omitted)). However, to the extent that Pakistan and the Pakistani defendants were not covered by UN immunity, the record makes clear that appellant failed properly to serve process upon, and thereby establish personal jurisdiction over, those defendants.

▬ To obtain personal jurisdiction over a foreign national, that foreign national must be served process either personally, "by any internationally agreed means reasonably calculated to give notice," or "in the manner prescribed by the law of the foreign country." Fed.R.Civ.P. 4(f)(1), 4(f)(2)(A). Here, there is no indication

---

1. Section 7(c) provides:
   Except as otherwise provided in this agreement or in the General Convention, the federal, state and local courts of the United States shall have jurisdiction over acts done and

transactions taking place in the headquarters district as provided in applicable federal, state and local laws.
   *Reprinted at* 22 U.S.C. § 287 note.

that the UN Legal Counsel was authorized to accept process on behalf of Pakistan and the Pakistani defendants. In addition, service upon the UN or a Pakistan UN Mission is insufficient to obtain jurisdiction over the government of Pakistan or its officials. *See* 28 U.S.C. § 1608; *Vicente v. State of Trinidad and Tobago*, 53 A.D.2d 76, 385 N.Y.S.2d 83 (1st Dep't 1976), *aff'd*, 42 N.Y.2d 929, 366 N.E.2d 1361, 397 N.Y.S.2d 1007 (1977). Hence, to the extent that Pakistan and the Pakistani defendants were not entitled to UN immunity, the complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

This Court reviews orders denying reconsideration and denying the entry of default judgment for abuse of discretion. *See Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 56 (2d Cir.1999) (per curiam). In light of its lack of subject matter jurisdiction, the District Court properly exercised its discretion in delaying a ruling on, and thereafter denying, the default judgment motion and in denying the motion for reconsideration.

We have examined appellant's remaining contentions on appeal and find them to be without merit. The motions pending in docket number 00–7252 are denied as moot. In docket numbers 00–9046 and 00–9310, the motions to un-consolidate and for appointment of counsel are denied and those appeals are hereby dismissed.

For the reasons set forth above, we AFFIRM the judgment of the District Court.