**Farida BURTIS, Plaintiff–Appellant,**

v.

**Kofi ANNAN, U.N. Secretary General, et al., Jamsheed Marker, Pakistan U.N. Mission Consulate and Governmental entities Representatives, et al., United Nations, and Other Concerned U.N. Officials and U.N. Affiliated Persons, et al., U.N. Correspondents, et al., Boutros Ghali, Mr. Joseph Connor, Karl Paschke, Ms. Barbara Dixon, Defendants–Appellees.**

No. 03–9170.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Farida Burtis, Elmhurst, NY, for Plaintiff–Appellant, pro se.

David J. Kennedy, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, Amicus Curiae.

Present: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Farida Burtis, *pro se*, appeals from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), denying her motion to reconsider the dismissal of her complaint that the Defendants conspired to discriminate against her and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act.

The grant or denial of a Rule 60(b) motion for relief from a final judgment is reviewed for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2022, 143 L.Ed.2d 1033 (1999). The District Court properly denied Burtis's motion because Burtis failed to present any new evidence as to the merits of her employment discrimination complaint sufficient to justify reinstatement of her complaint.

Burtis also moves to correct several of this Court's docket sheet entries where the United States is referred to as counsel for Defendants, rather than as *amicus curiae.* The United States has appeared in this case only as *amicus curiae;* the Defendants have continuously asserted their immunity from this suit and have never entered an appearance. A review of the docket sheet, and the records of this Court shows that, in two instances the docket sheet entries are incorrect. The United States Attorney is erroneously listed as counsel for Defendants and the docket sheet entry for May 25, 2004 incorrectly notes that the *Defendants* moved for an extension of time when the motion was actually made by the United States as *amicus curiae.* Accordingly, Burtis's motion for corrections shall be granted with respect to these two entries.

This appeal is Burtis's fifth appeal from the dismissal of her 1998 employment discrimination complaint, and it restates arguments previously rejected by this Court. *See Burtis v. Annan,* 64 Fed.Appx. 326 (2d Cir.2003); *Burtis v. Annan,* 7 Fed.Appx. 104 (2d Cir.2001). Burtis is warned that future frivolous filings may result in sanctions. *See Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir.1989); *see also In re Martin–Trigona,* 9 F.3d 226, 229 (2d Cir. 1993).

For the reasons set forth, the order of the District Court is AFFIRMED, and Appellant's motion to correct this Court's docket is GRANTED IN PART.